IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JUDEAU S. BROWN, JR., : 
      Plaintiff, :
:
v. : Civ. No. 22-068-CFC
:
WILLIAM NGWA, et al., :
:
      Defendants. :

---

Judeau S. Brown, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

July 5, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

I. **INTRODUCTION**

Plaintiff Judeau S. Brown, Jr., an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. He has filed a letter/motion for injunctive relief. (D.I. 4) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

II. **BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff claims Defendants violated his right to medical treatment under the Eighth Amendment to the United States Constitution.

On December 7, 2021, Defendant Unidentified Nurse dispensed the wrong medication to Plaintiff. (D.I. 1 at 5) Plaintiff had a reaction to the medication and informed the nurse. (*Id.*) She told Plaintiff that she would come back to address Plaintiff's medical needs, but she did not. (*Id.* at 5-6) About twelve hours later Plaintiff informed a correctional officer of chest pains and nausea, and Plaintiff was taken to medical. (*Id.* at 6). Plaintiff saw Defendant medical provider William Ngwa, explained his symptoms and Ngwa agreed to "flush" his system in the "interest of [] Plaintiff's health." (*Id.* at 6-7) Ngwa did not flush Plaintiff's system. (*Id.* at 6)

Plaintiff submitted a grievance on December 9, 2021 seeking monetary relief and requested to have his system flushed out. (*Id.* at 7) Defendant Ephram Jeon returned the grievance unprocessed.

Plaintiff seeks compensatory damages. (*Id.* at 8).

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. See *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See *Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See *Johnson v. City of Shelby*, 574

U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. See id. at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Grievance

Plaintiff names Jeon as a defendant because he returned Plaintiff's grievance as unprocessed. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.

1991)).  To the extent Plaintiff alleges that Jeon was deliberately indifferent to his serious medical needs, the claims also fail, as they are alleged in a conclusory manner.[1]

Therefore, the claims against Jeon will be dismissed.

### B. Medical Claims

Plaintiff alleges that the unidentified Nurse administered him incorrect medication and then did not address his medical needs.  He alleges that he was seen by Ngwa who did not flush his system, something it appears Plaintiff requested.

To set forth a cognizable Eighth Amendment claim for inadequate medical care, a prisoner must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison authorities, however, are "accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and "disagreement as to the proper medical treatment" does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

With respect to Ngwa, the Complaint fails to allege deliberate indifference.  By Plaintiff's own allegations, he was seen by Ngwa who did not flush Plaintiff's system—treatment that Plaintiff wanted.  Plaintiff's disagreement regarding the proper medical treatment does not state a constitutional claim and the claim will be dismissed.

---

[1] *See* Paragraph IV.B., *infra*, that discusses deliberate indifference to serous medical needs.

5

As to the Nurse, even if the Nurse had been negligent in administering the wrong medication, an issue not decided by the Court, medical negligence without accompanying deliberate indifference does not rise to the level of a constitutional violation. See Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). The slight allegations that the Nurse did not return to address Plaintiff's medical needs do not suffice to state claim and will be dismissed.

The Court will dismiss the claims raised under the Eighth Amendment. Plaintiff will be given leave to amend.

C.   **Injunctive Relief**

Plaintiff seeks injunctive relief. (D.I. 4) He takes issue with Ngwa's nationality and asks the Court to "issue some sort of injunction or anything in this Court's powers to impeded on nugatory foreign medical within this country." (Id. at 2) Plaintiff states that "[t]here is more than enough natural born citizens in this country whom are highly qualified to maintain healthcare positions." (Id.).

A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. See, e.g., Colvin v. Caruso, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); Martin v. Keitel, 205 F. App'x 925, 928-29 (3d Cir. 2006) (injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); Alabama v. U.S. Army Corps

*of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("to obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint"); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from the claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Plaintiff seeks injunctive relief for conduct not raised in his Complaint. The motion will be denied. (D.I. 4)

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's letter/motion for injunctive relief (D.I. 4); and (2) dismiss the Complaint pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.