IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDEAU S. BROWN, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 22-068-CFC |
| WILLIAM NGWA, et al., | : |
| Defendants. | : |

Judeau S. Brown, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 16, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

Plaintiff Judeau S. Brown, Jr., an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7)  The original complaint was dismissed and Plaintiff was given leave to amend. (D.I. 9, 10)  The Amended Complaint was filed on August 1, 2022. (D.I. 11)  On the same day, Plaintiff filed a request for counsel. (D.I. 12)  The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes.  See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff claims Defendants violated his right to medical treatment under the Eighth Amendment to the United States Constitution.

On December 7, 2021, Defendant Unidentified Nurse dispensed the wrong medication to Plaintiff. (D.I. 11 at 5)  Plaintiff had a reaction to the medication and informed the nurse. (*Id.*)  She did not render Plaintiff any medical aid. (*Id.*)  On the same day, Plaintiff was seen by Defendant medical provider William Ngwa because he was experiencing chest pain and nausea. (*Id.* at 6)  Ngwa did not render any medical aid to Plaintiff. (*Id.*)

Plaintiff submitted grievances to Defendant Nurse/Provider Ephram Jeon and Nurse Richard C. Cipollone. (Id. at 6, 7)  They ignored his grievances. (*Id.*)

Plaintiff seeks compensatory damages and medical attention. (*Id.* at 8)

## III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574

U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. See id. at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV.     DISCUSSION

### A.     Grievances

Plaintiff raises claims against Jeon and Cipollone because they ignored his grievances. He raised a similar claim in the original complaint. The filing of prison grievances is a constitutionally protected activity. Robinson v. Taylor, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." Woods v. First Corr. Med., Inc., 446 F. App'x 400, 403 (3d Cir. 2011) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). To the extent Plaintiff alleges that

4

Jeon and Cipollone were deliberately indifferent to his serious medical needs, the claims also fail as they are alleged in a conclusory manner and, and thus, fail to state claims.

The claims against Jeon and Cipollone will be dismissed. The Court finds amendment futile as to these claims.

### B. Medical Claims

Plaintiff has alleged what appear to be cognizable and non-frivolous claims against Unidentified Nurse and Ngwa. He will be allowed to proceed with the claims and a service order will issue.

The order will direct Ngwa and his employer, Centurion, to identify Unidentified Nurse as soon as possible after the complaint is served. When Plaintiff learns the identity of Unidentified Nurse, he shall immediately move the Court for an order directing amendment of the caption and service of the complaint on the nurse. *See Borges v. Administrator for Strong Mem'l Hosp.*, 2002 WL 31194558, at *1 n.1 (W.D.N.Y. Sept. 30, 2002). *See also Searcy v. Dallas Police Dep't*, 2001 WL 611169 (N.D. Tex. May 31, 2001).

### C. Request for Counsel

Plaintiff seeks counsel on the grounds that he needs counsel to identify Defendant Nurse and to conduct an investigation. (D.I. 12) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under

5

certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel at this time. Plaintiff appears to have the ability to present his claims and the Court will assist him in identifying the Unidentified Nurse defendant. Accordingly, the request for counsel will be denied without prejudice to renew.

## V.    CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 12); (2) dismiss Ephram Jeon and Richard Cipollone and the claims raised against them pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and

1915A(b)(1); and (3) allow Plaintiff to proceed against William Ngwa and Unidentified Nurse.

    An appropriate order will be entered.