IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDEAU S. BROWN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-68 (JLH) |
| | ) |
| WILLIAM NGWA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Judeau S. Brown, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Dawn C. Doherty, Esq. and Brett Thomas Norton, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware.  Counsel for Defendants.

February 29, 2024
Wilmington, Delaware

**HALL, U.S. District Judge:**

I.     **INTRODUCTION**

Plaintiff Judeau S. Brown, Jr., an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1.) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7.) Plaintiff proceeds on his Amended Complaint, as modified to increase the amount sought in damages and to update the caption. (D.I. 11, 20.) The remaining Defendants are Nurse Raymond Chenwi and Nurse William Ngwa.[1] Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 21.) Also Pending is Plaintiff's motion to compel discovery. (D.I. 23.)

II.    **BACKGROUND**

On January 18, 2022, Plaintiff filed his original Complaint. (D.I. 1.) The Court screened the original Complaint and dismissed Plaintiff's claims against Defendants Chenwi and Ngwa. (D.I. 9, 10.) Plaintiff was given leave to amend these claims, and the Court allowed the Amended Complaint to proceed after screening it.

Plaintiff's allegations, which are accepted as true at this stage of the proceedings, are as follows. On December 7, 2021, Defendant Chenwi dispensed the wrong medication to Plaintiff. (D.I. 11 at 5.) Instead of being given the Neurontin he was prescribed, Plaintiff instead received a dose of his cellmate's Wellbutrin. (*Id.*) Plaintiff had an allergic reaction to the medication and informed Chenwi, who did not render any medical aid. (*Id.* at 5–6.) On the same day, Plaintiff

---

[1] The Court dismissed the other named Defendants while screening the Complaint and the Amended Complaint. (D.I. 10, 14.)

1

was seen by Defendant Ngwa because he was experiencing chest pain and nausea. (*Id.* at 6.) Ngwa did not render any medical aid to Plaintiff. (*Id.*)[2]

Plaintiff claims that Defendants violated his right to medical treatment under the Eighth Amendment to the United States Constitution. For relief, he seeks damages and "medical attention." (*Id.* at 8.)

Defendants move to dismiss the Amended Complaint on the grounds that it fails to state a claim for deliberate indifference. (D.I. 21.) Plaintiff's briefing in response to the motion to dismiss contains additional allegations. Specifically, he newly alleges that, after Defendant Chenwi gave Plaintiff the incorrect medication that caused his allergic reaction, Chenwi gave him the correct medication; that six hours after his symptoms started he requested a medical visit and was seen by Defendant Ngwa, who examined him for a few minutes; that Ngwa agreed to "flush" Plaintiff's system, but did not; and that after he left his visit with Defendant Ngwa, Plaintiff continued to experience his symptoms for an undisclosed period of time.

### III.   LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with

---

[2] In the Amended Complaint, Plaintiff also alleges that, on June 21, 2022, *i.e.*, five months *after* he filed the original Complaint, he fell and "sustained a head injury" while "climbing a ladder to get in and out of bed." (D.I. 11 at 7.) Plaintiff alleges that he "placed a sick call in the possession of a nurse"; Plaintiff does not allege that either Ngwa or Chenwi was involved in the incident. (*Id.*)
The head injury allegations fail to state a claim against Ngwa and Chenwi because there is no allegation that either was involved in the incident. To the extent that Plaintiff seeks to name someone other than Ngwa and Chenwi as a defendant in a claim related to his head injury, Plaintiff will not be permitted to join that claim in this action. *See* Fed. R. Civ. P. 20 (explaining who may be joined as defendants in a single action).

a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210–11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). A

3

complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

## IV. DISCUSSION

Although Plaintiff was allowed to proceed on his claims following screening (D.I. 14), with the benefit of adversarial briefing, the Court has concluded that he has in fact failed to state a claim for deliberate indifference in violation of the Eighth Amendment.

To begin, the Court notes the general rule that a complaint may not be amended through an opposition brief and new facts may not be considered by a court ruling on a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). But even were the Court to consider Plaintiff's new allegations, asserted in his response to the motion to dismiss and in his sur-reply, they would not save his claims.

To set forth a cognizable Eighth Amendment claim for inadequate medical care, a prisoner must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison authorities, however, are "accorded considerable latitude in the diagnosis and treatment of prisoners*,*" *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and "disagreement as to the proper medical treatment" does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

4

There are no facts alleged in the Amended Complaint that would suggest that Defendant Chenwi purposely gave Plaintiff his cellmate's Wellbutrin medication.  Plaintiff's allegations at most suggest negligence, not deliberate indifference, and therefore fail to state a claim.  *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *see also Daniels v. Williams*, 474 U.S. 327, 332–34 (1986) (noting that negligence is not compensable as a constitutional deprivation).  Furthermore, Plaintiff does not dispute that Defendant Chenwi later gave him the proper medication.

The Amended Complaint also fails to allege deliberate indifference on the part of Defendant Ngwa.  By Plaintiff's own allegations, he was examined by Ngwa, but Ngwa did not provide Plaintiff's preferred treatment – flushing his system.  Instead, Ngwa apparently opted to wait and let the symptoms resolve themselves.  Plaintiff's disagreement regarding the proper medical treatment does not state an Eighth Amendment claim.  *See Spruill*, 372 F.3d at 235. Plaintiff has not alleged how long his symptoms lasted, but there are indicia in his papers suggesting that it was hours, not days, and that his symptoms essentially resolved on their own. While Plaintiff may have preferred to have his system "flushed," there are no facts alleged to suggest that Ngwa was deliberately indifferent to Plaintiff's serious medical condition.[3]

---

[3] Third Circuit has explained as follows:

> A medical need is "serious," in satisfaction of the second prong of the *Estelle* test, if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981); *accord Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977).  The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment.  For

Accordingly, Plaintiff's claims will be dismissed. Given how many amended allegations the Court has now considered, further amendment is deemed futile.

## VI. CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss, (D.I. 21), and deny as moot Plaintiff's motion to compel discovery (D.I. 23.)

An appropriate Order will be entered.

---

instance, *Estelle* makes clear that if "unnecessary and wanton infliction of pain," 429 U.S. at 103, results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment. *See id.* at 105. In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious. *See, e.g., Archer* [*v. Dutcher*, 733 F.2d 14, 16 (2d Cir. 1984)] (pregnant inmate who miscarried stated cognizable claim where she alleged that defendants intentionally delayed emergency medical aid in order to make her suffer); *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980) (delay in providing oral surgery resulted in "continued and unnecessary pain and loss of teeth"), *cert. denied*, 450 U.S. 1041, 68 L. Ed. 2d 239, 101 S. Ct. 1759 (1981); *Laaman*, 437 F. Supp. at 312 (denial of treatment may result in permanent damage or require corrective surgery); *Derrickson* [*v. Keve*, 390 F. Supp. 905, 907 (D. Del. 1975)] (failure to perform elective surgery on inmate serving life sentence would result in permanent denial of medical treatment and would render inmate's condition irreparable).

*Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987).